No. 62222.—Sandoz Chemical Works, Inc. v. United States, protest 251425-K (New York).

WILSON, Judge: This case was the subject of the decision in *Sandoz Chemical Works, Inc.* v. *United States*, 40 Cust. Ct. 42, C. D. 1956, and is presently before us by reason of the granting of defendant's motion for a rehearing, 40 Cust. Ct. 517, Abstract 61815. The involved merchandise there described as "Plastine," a product used in textiles to prevent wrinkling and which product contained "methyl" alcohol, was held properly classifiable under the provisions of paragraph 5 of the Tariff Act of 1930, as modified, for "All chemical elements, all chemical salts and compounds, * * * and all combinations and mixtures of any of the foregoing, * * * not specially provided for," rather than under paragraph 24 of said act as an alcoholic compound, not specially provided for. The court, in the case at bar, held that paragraph 24 of the Tariff Act of 1930, with respect to the alcoholic substances and "alcoholic compounds" provided for therein contemplates only such as contain "ethyl" alcohol.

Defendant herein contends that the holding of this court in the case at bar that compounds in alcohol other than ethyl alcohol are not embraced within the provisions of paragraph 24 of the tariff act is in conflict with a prior decision of this court in *C. J. Tower & Sons* v. *United States*, 38 Cust. Ct. 355, C. D. 1887. The merchandise there in question involved synthetic resins containing butyl alcohol, an alcohol other than ethyl alcohol. It appears that, even though the products under consideration contained butyl alcohol, the court was apparently of the opinion that such products were properly covered by the provisions of paragraph 24 of the tariff act.

It is correct, as stated by the defendant in the present application, that, in the *C. J. Tower & Sons* case, *supra*, this court stated that the products there imported "while embraced within the provisions for alcoholic compounds in the pertinent act, are, in our opinion, also classifiable under the provisions in paragraph 11 of the act for synthetic resins." The court therein held that the *eo nomine* provision for "synthetic * * * resins not specially provided for" (paragraph 11) was more applicable to the imported products—even though they were chemical compounds or alcoholic compounds—than were the provisions for chemical compounds, when containing alcohol, or for alcoholic compounds, not specially provided for (paragraph 24). However, despite the language employed in the *C. J. Tower & Sons* case, the holding therein was predicated on the finding that the products there involved exhibited the characteristics of synthetic resins and were properly classifiable as such, an element involving an issue which is not present in the case at bar.

We have carefully reviewed the contentions of the plaintiff and of the defendant as advanced in their briefs and in the memoranda of law submitted, as well as the references cited by each party in support of their respective claims. We find nothing in the record now before us which causes us to depart from our original decision and judgment, which are reinstated as our final decision of the case. Accordingly, for the reasons heretofore expressed in our original opinion and upon the authorities cited therein, we hold the involved merchandise properly classifiable under the provisions of paragraph 5 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, for "All chemical elements, all chemical salts and compounds, * * * and all combinations and mixtures of any of the foregoing, * * * not specially provided for," at the rate of 12½ per centum ad valorem, as claimed. The protest is sustained.

Judgment will be rendered accordingly.